UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEXTER T. JACKSON, ET AL. | * | CIVIL ACTION NO. 24-2253 |
| | * | |
| VERSUS | * | SECTION: "P"(1) |
| | * | |
| MARATHON PETROLEUM CO., LP | * | JUDGE DARREL JAMES PAPILLION |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

REPORT AND RECOMMENDATION

Plaintiffs in this lawsuit allege that they have suffered respiratory injuries as a result of a chemical release and fire on August 25, 2023, at the refinery of defendant Marathon Petroleum Company LP. Before the Court is the defendant's Motion to Strike plaintiffs' Class Allegations. (Rec. Doc. 8). Plaintiffs do not explicitly allege a class action by defining a class or alleging facts to address the prerequisites of Federal Rule of Civil Procedure 23(a) or the requirements of Rule 23(b). However, their Petition contains the assertion that plaintiffs are appearing "individually and on behalf of a class of all those similarly situated." (Rec. Doc. 1-1, at 1).

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). "A motion to strike should be granted only when 'the allegations are prejudicial to the defendant or immaterial to the lawsuit.'" Schlosser v. Metro. Prop. & Cas. Ins. Co., No. CIV.A. 12-1301, 2012 WL 3879529, at *1 (E.D. La. Sept. 6, 2012) (quoting Johnson v. Harvey, No. CIV.A. 96-3438, 1998 WL 596745, at *7 (E.D. La. Sept. 8, 1998)). A motion to strike has been described as a "drastic remedy" and as "generally disfavored." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982); ." Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962).

1

Marathon's Motion to Strike was set for submission on October 30, 2024. Plaintiffs' opposition memorandum was due on October 22, 2024, pursuant to Local Rule 7.5E. No memorandum in opposition was filed. Accordingly, this motion is deemed to be unopposed. Further, the Court finds the motion has merit. Other than what may be form language in the preamble of their Petition, plaintiffs have made no attempt to pursue this matter as a class action. They have not alleged facts to support showing the Rule 23(a) prerequisites of numerosity, commonality, typicality, or adequacy. They have not alleged facts to support finding that the requirements of Rule 23(b) have been met. Their prayer for relief seeks damages in plaintiffs' favor "individually." Plaintiffs' failure to oppose the Motion to Strike confirms the Court's conclusion that they do not intend to pursue this lawsuit as a class action. Accordingly,

IT IS RECOMMENDED[1] that the Motion to Strike be GRANTED and that plaintiffs' class allegations be STRICKEN from their Petition.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

---

[1] Although the District Judge referred the Motion to Strike to the undersigned for determination, out of an abundance of caution the undersigned issues this Report and Recommendation to the extent the striking of plaintiffs' class allegations could be interpreted as a dismissal of such claims.

New Orleans, Louisiana, this 22nd day of November, 2024.

                                            Janis van Meerveld
                                      United States Magistrate Judge